IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES BETHEL, | ) | 4:16CV3009 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| Defendant. | ) | |

James Bethel was cited for driving under suspension and obstructing a peace officer in violation of Nebraska state statutes on September 18, 2014. (Filing No. 1 at CM/ECF p. 5.) A criminal prosecution followed in the Dawson County Court in Dawson County, Nebraska. Here, Bethel seeks to remove the criminal case to this court pursuant to 28 U.S.C. § 1443. For the reasons that follow, the court will deny Bethel's request for removal of his criminal case.

### A. 28 U.S.C. § 1455

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Bethel did not provide this court "with a copy of all process, pleadings, and orders" served on him. Thus, he has not complied with § 1455(a). Moreover, Bethel set forth that he has not complied with § 1455(b)(1)—requiring removal within 30 days of arraignment—but asks the court to find good cause for his failure to do so. The court cannot discern good cause from the allegations contained in Bethel's notice of removal. Moreover, even if Bethel had shown good cause, as discussed below, removal is improper under 28 U.S.C. § 1443.

**B.     28 U.S.C. § 1443**

The federal statute governing the removal of criminal prosecutions from state court to federal court states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the

courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Bethel does not allege he was denied any civil rights on racial grounds or under a federal equal rights law. Rather, Bethel asks this court to intervene on his behalf because the state court has not allowed him to compel a witness to testify in his criminal case. He also takes issue with the state court's refusal to accept filings unsupported by notary certification. These arguments fail to demonstrate that removal of Bethel's criminal case is proper where his request is not based on any allegations of racial discrimination.

IT IS THEREFORE ORDERED that:

1. Bethel's request for removal of his criminal case is denied. Accordingly, this case is dismissed and the court will enter judgment by a separate document.

2. Bethel's request for leave to proceed in forma pauperis (Filing No. 2) is denied as moot.

3. To the extent a remand of this case is necessary, this case is remanded to the Nebraska state court having jurisdiction over Bethel's pending criminal case.

DATED this 29th day of January, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge